■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HERNDON, Appellant. [639 NYS2d 211]

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the second degree (two counts), grand larceny in the third degree, and attempted grand larceny in the third degree. Defendant contends that the identification testimony should have been suppressed as the product of an unnecessarily suggestive photo array procedure; that his statements should have been suppressed as involuntary; that the indictment should have been dismissed in the interest of justice; and that the sentence is harsh and excessive.

On a prior appeal, we held the case, reserved decision, and remitted the matter to County Court for reconstruction of a lost photo array (*People v Herndon*, 216 AD2d 917). Because the People were unable to reconstruct the array, it is impossible for us to review defendant's challenge to the court's denial of the motion to suppress the identification evidence. In these circumstances, the judgment of conviction must be reversed, the plea vacated, and defendant's motion granted to the extent that it seeks suppression of the identification evidence. The matter is remitted to Erie County Court for further proceedings on the indictment.

In the interest of judicial economy, we note that we have considered defendant's remaining contentions and conclude that they are without merit. (Resubmission of Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.